ON AN APPLICATION OF TUTORSHIP OF THE MINOR CHILDREN OF A. F. and M. DOBB—THOMAS DOBB, Appellant—JAMES H. MASSEY, Appellee.

The grandfather is called to the tutorship of his grand children, upon the death of their parents, in preference to all other "persons, unless the surviving parent shall, by will, have appointed a tutor; the causes of incapacity for, and exclusion from tutorship, are specifically enumerated in Articles 322, 323 of the Civil Code, and to say that the grandfather can not be appointed unless a resident, would be to extend the cause of incapacity for and exclusion from tutorship, by implication beyond those Articles, which can not be done

Where the parents died without appointing by will, a tutor to their children, and the grandfather made due application for the tutorship, gave bond and took the oath prescribed by law, and formally declared his intention of continuing his residence in New Orleans, where it was stated he then resided, although he was but a short time previous a non resident. *Held:* that the District Judge erred in refusing to grant him letters of tutorship.

APPEAL from the Second District Court of New Orleans, *Lea*, J.
*Roselius, Bonford & Gilmore*, for *Thomas Dobb*, appellant.    *Clarke & Bayne*, for *Massey*.

CAMPBELL, J.    *Alexander F. Dobb* died in this city on the 18th of August, 1853. On the 26th of the same month his wife, *Marietta Dobb*, also died. They left six minor children, viz: *Alexander Forbes, Marietta Jane, Thomas Charles, Sarah Ann, William* and *Catherine Louisa*, the eldest, of the age of fifteen years, and the youngest, an infant of eleven months.

On the 23d of December following, *Thomas Dobb*, the paternal grandfather, applied to the Second District Court of New Orleans, the court in which the succession of the parents had been opened, for the tutorship of his minor grandchildren. The order appointing him legal tutor, was made on the same day, and on the 25th he took the oath of office.

On the 20th of January, 1854, *Thomas Dobb* filed his petition praying the court to approve his offical bond; no action was taken on this petition. But on the day after, *J. H. Massey*, the maternal uncle of the minors, filed his petition to be appointed tutor, and on the 24th, without the previous action of a family meeting, the court made an order, conferring the tutorship upon him. On the same day the Judge rescinded, *ex officio*, the appointment of the grandfather, upon the ground, that it had been made in error.

*Thomas Dobb* has appealed as well from the order canceling his appointment, as from that conferring the office on the maternal uncle.

It is conceded that if the grandfather had been at the time of his application, a resident of the State, he would have been entitled to the tutorship, and the revocation of the order conferring the appointment upon him, is justified by the fact that he was at the time domiciliated in the State of Ohio, and not a resident of New Orleans, as alleged by his counsel in his petition through misapprehension; of which fact the Judge was ignorant when the order was made. In an amended petition, the error was stated, coupled with an allegation that he had formed an intention of residing in this city, where he then resided, and an expression of his readiness to submit himself to the laws of the State and the authority of the court, in all matters connected with the tutorship.

It is urged by the appellee, in support of the judgment, that the tutors of minors residing in this State, must themselves, at the time of their appointment, be residents of this State; which position, he bases on the Article 298 of the Civil Code, which declares, "If the tutor should die or absent himself from the State after his appointment, another tutor shall be appointed in his stead by the Judge;" and the Article 351, which provides, that "The tutor who absents himself from the State is bound to cause another tutor to be appointed in his stead, and previous to his departure, to give an account of his administration; and if he neglects so to do, he may be arrested," etc. These Articles, it is maintained, make absence a ground for declaring a tutorship vacant: and that from this, it follows that non-residence is a ground of exclusion.

The absence which in the intendment of Article 298, authorizes the appointment of another tutor, is evidently a permanant one—an entire abandonment; which, like its co-relation in the same clause, (death,) vacates the tutorship and makes another appointment necessary. Without such an appointment, the minor would be unrepresented.

The absence contemplated in the Article 351, is as evidently a temporary one, and such an absence does not necessarily or by the terms of the Article imply a vacancy in the office. Before leaving, the tutor was formally bound to have another tutor appointed in his stead; and was not, by such appointment, deprived of the office absolutely, but conditionally and for the time only; for on his return he was permitted with the consent of the Judge, to resume it. This rule is further relaxed by the Act of 24th April, 1847, page 115, which declares that "curators, administrators, tutors," etc., who only wish to be absent for a time, ought not to lose their administration on that account, provided they leave a power of attorney to represent them in their administration, etc., thus enabling the tutor, without the intervention of the Judge, to place another person in his stead.

From this, it would seem, that the mere fact of absence, is not of itself a ground for declaring the tutorship vacant, and therefore, the conclusion, that absence is a good ground for the exclusion based upon it, is not well drawn.

In *Roland* v. *Stephens*, 3 L. 485, though it was considered that the provisions of these Articles had reference to all tutors of every description known to the law, yet, their application was to be restricted to cases where minors remain with their inheritance in the State. If this be their true application, the deduction from them of the rule of exclusion contended for, would hardly be deemed legitimate; nor would it be strengthened by the fact which may have been overlooked in the decision of that case, that Article 298, on which most reliance is placed, is found in the Code under the title of dative tutorship.

The causes of incapacity for, and exclusion from tutorship are specially enumerated in Articles 322 and 323 ; and to extend these causes by inferences and implications, would be to make or amend the law, rather than to expound and apply it. To declare that the grandfather, who is without reservation or qualification called to the tutorship of his grand children upon the death of their parents, in preference to all other persons, (unless the surviving parent shall, by will, have appointed a tutor,) can not be appointed unless a resident, would be to do this. And such it would seem is the construction placed by the commentators on the corresponding texts of the French Code. " Au reste," says Toullier, " il faut observer qu'il n'y pas d'autres causes d'exclusion, d'autres incapacités, que celles qui sont prévues par le code, dont les dispositions à cet égard sont limitatives et non démonstratives, sans que les tribunaux puissent se permettre d'écarter de la tutelle ou du conseil de la famille les individus dont la loi n'a pas prononcé l'incapacité ou l'exclusion."

"Les personnes appelées à l'exercice d'un droit, d'une charge ou d'une fonction quelconque, n'en peuvent être exclues à raison d'incapacité ou d'indignité, que par un texte formel de la loi, qui n'a rien voulu laisser en cette matière à l'arbitraire des juges : ils ne peuvent étendre les causes d'exclusion d'un cas à l'autre." Toullier, Book 2, No. 1171. Merlin, Répertoire, vo. Tutelle, sec. 2, § 3, Art. 3, No. 7.

Competency is the general rule: incapacity the exception, and the exception must appear from the law itself.

The case of *Percy* v. *Provan's executor*, has been referred to.

The court then held that the minors' grand parents, who resided in Scotland, being absentees, could not claim the legal tutorship by proxy or through their attorney; though they intimate that under the advice of a meeting of the family of the minor, the tutor would be authorized to entrust to them, the care of his person.

Considering that the law gives to the grandfather, in preference to all others, the tutorship of his minor grand children, where parents have died without appointing a tutor by will; that appellant has made due application for the trust and has given the bond and taken the oath prescribed by law, and thereby virtually submitted himself to the jurisdiction of our courts; and further considering that he has formally declared his intention of continuing his residence in this city, where he now resides, we are of opinion that the Judge of the District Court erred in refusing to grant him letters of tutorship and rescinding the order for his appointment.

The view we have taken of this branch of the case, renders it unnecessary to enquire into the legality of the appointment of appellee. The appellant being entitled to the trust and having duly applied for it, the appointment of appellee was unauthorized.

It is therefore adjudged and decreed, that the judgment of the District Court be annulled and reversed, that the order appointing *J. H. Massey*, legal tutor of the minor children of *Alexander F.* and *Marietta Dobb*, be set aside, and that the order appointing *Thomas Dobb*, tutor as aforesaid, be re-instated and maintained. It is further ordered that this case be remanded, with directions to the District Court to issue letters of tutorship to said *Thomas Dobb*, according to law. The costs of both courts, to be borne by the appellee.