(37 South. 862.)

No. 15,196.

Succession of OLIVER.

(Jan. 16, 1905.)

TUTORSHIP—APPOINTMENT—PREFERENCE.

1. Where the paternal grandfather and the maternal grandmother of an orphan minor are each claiming the tutorship, the mere fact that the grandfather resides in another state, to which he proposes to remove the minor, affords no reason for denying him the preference accorded by law, and, it appearing that he is likely to do at least as well for the minor as the grandmother, the tutorship must be awarded to him.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Walter Byers Sommerville, Judge.

In the matter of the succession of T. A. Oliver. Application of Mrs. Theresa A. Frisch for appointment as tutrix was opposed by Oscar Oliver. From a judgment granting the application, the opponent appeals. Reversed.

Wickliffe & Falls, for appellant, Oscar Oliver. Boatner & Manion, for appellee, Mrs. Theresa A. Frisch.

Statement.

MONROE, J. Thomas A. Oliver is a little boy nearly four years old, whose parents are dead. The maternal grandmother, Mrs. Frisch, who lives in New Orleans, has applied for the tutorship, and her application is opposed by the paternal grandfather, Oscar Oliver, who resides in Chicago. The evidence shows that the applicant has no means and no home of her own; that she lives with William Ross, her son-in-law, who keeps a grocery and barroom; that she has an unmarried son, about 19 years old, who lives at the same place, is employed by Ross, and earns $9 a week, which he turns over to his mother, save so much as may be necessary to buy his clothing, and presumably to pay other necessary expenses; and that she has another son, who contributes $5 a week to

her support. It was said in argument, and apparently conceded, that Mrs. Frisch is about 65 years old. The evidence also shows that the opponent has been for a number of years employed in the car shops of the Chicago Street Railway Company as a carpenter; that he keeps house, and has, at home, his wife and one unmarried daughter, who has employment of some kind; his wages, it is said, being $60 or $75 a month. It is further shown that opponent attends the Methodist Church and is a member of the Knights of Pythias. It was stated in argument, and, as we understand, is conceded, that the estate of the minor, when the debts are paid, will not be worth more than one or two hundred dollars. The applicant intends to keep the minor in New Orleans; the opponent intends to remove him to Chicago.

Opinion.

"In case there shall be more than one ascendant in the same degree in the direct line, but of different sexes, the tutorship shall be given to the male." Civ. Code, art. 264. The causes of incapacity specified by law do not include nonresidence. That ground having been suggested in a case presented to our predecessors, it was said:

"The causes of incapacity for, and exclusion from, the tutorship, are specially enumerated in articles 322 [now 302] and 323 [now 303], and to extend these causes by inferences and implications would be to make or amend the law, rather than to expound and apply it. To declare that the grandfather, who is, without reservation or qualification, called to the tutorship of his grandchildren, upon the death of their parents, in preference to all other persons (unless the surviving parent shall, by will, have appointed another tutor), cannot be appointed unless a resident, would be to do this." Dobb v. Massey, 9 La. Ann. 354.

Counsel for opponent further argues that his client cannot be denied the tutorship, on account of his nonresidence, without a violation of paragraph 1, § 2, art. 4, of the Constitution of the United States. We think it unnecessary to consider that question, since the law of this state does not authorize such

denial, its principal concern being the welfare of the minor, rather than the place of his residence or that of his tutor. We institute no invidious comparisons between the litigants, but conceding, for the purposes of the questions at issue, that the applicant will do as well for the minor as the opponent, there is no reason to suppose that she can do any better, and the law gives the tutorship to the latter.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided, and reversed; that the opposition of Oscar Oliver be maintained; and that this proceeding be remanded to the district court, with instructions to issue to said Oliver letters of tutorship as prayed for by him, upon his complying with the legal requisites. It is further ordered, adjudged, and decreed that the costs be paid by the succession.